UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MICHAEL L. JACKSON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. 4:14-CV-1104-CEJ |
| ) | |
| IAN WALLACE, ) | |
| ) | |
| Respondent. ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on the petition of Michael L. Jackson for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondent has filed a response in opposition.

### I. Procedural Background

Petitioner, Michael L. Jackson, is currently incarcerated in the Southeast Correctional Center in Charleston, Missouri, pursuant to the sentence and judgment of the Circuit Court of the City of St. Louis. On April 22, 2009, following a jury trial, petitioner was found guilty of murder in the second degree. Resp. Ex. 4 at 46–50. Oral and written motions for a new trial were subsequently denied. On June 5, 2009, the trial court sentenced petitioner to a 25-year term of imprisonment. *Id.* at 35–37.

Petitioner filed a notice of appeal on June 9, 2009. *Id.* at 60–63. The Missouri Court of Appeals affirmed the judgment of the trial court on June 15, 2010. Resp. Ex. 7; *State v. Jackson*, 313 S.W.3d 206 (Mo. Ct. App. 2010). Petitioner had fifteen days, until June 30, 2010, to petition to transfer the appeal to the Supreme Court of Missouri for further review, but he did not do so. Mo. Sup. Ct. R. 83.02,

83.04, 84.17(b). Thereafter, on July 13, 2010, the Missouri Court of Appeals issued its mandate. Resp. Ex. 8 at 17, 19.

Petitioner filed a motion for post-conviction relief in the state court on October 12, 2010, and an amended motion on January 21, 2011, which was denied on April 30, 2012. *Id.* at 3–5, 73–77. Petitioner filed a notice of appeal on June 6, 2012. *Id.* at 78. The Missouri Court of Appeals affirmed the denial of post-conviction relief on May 14, 2013, and issued its mandate on June 5, 2013. Resp. Ex. 11; *Jackson v. State*, 436 S.W.3d 238 (Mo. Ct. App. 2013) (per curiam). Petitioner did not seek further state appellate review of the motion for post-conviction relief. Petitioner filed the instant habeas corpus petition on May 16, 2014.[1] [Doc. #1 at 24]

## II. Discussion

The Antiterrorism and Effective Death Penalty Act (AEDPA) provides for a one-year statute of limitations for habeas corpus petitions. 28 U.S.C. § 2244(d)(1). Failure to file within the limitations period requires dismissal of the petition. *See Cross–Bey v. Gammon*, 322 F.3d 1012 (8th Cir. 2003). The limitations period begins to run on the "date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review," whichever is later. 28 U.S.C. § 2244(d)(1)(A). Where, as here, a Missouri petitioner does not seek transfer to the Supreme Court of Missouri after direct appeal, his judgment becomes final upon expiration of the time within which to seek such discretionary review—that is, fifteen days after the Missouri Court of Appeals issues its opinion. *Camacho v. Hobbs*, 774 F.3d 931, 933 (8th Cir. 2015) (citing *Gonzalez v. Thaler*,

---

[1] It is uncontested that petitioner gave the petition to prison officials for mailing on May 16, 2014, the same day he signed it. *See Streu v. Dormire*, 557 F.3d 960, 962 (8th Cir. 2009) (citation omitted).

2

132 S. Ct. 641, 653 (2012), and recognizing that *Gonzalez* explicitly abrogated *Riddle v. Kemna*, 523 F.3d 850 (2008)); *see* Mo. Sup. Ct. R. 83.02, 83.04, 84.17(b). The date on which the Missouri Court of Appeals issues its mandate is irrelevant for tolling purposes. *Camacho*, 774 F.3d at 933. The limitations period is tolled, however, while a properly-filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending. 28 U.S.C. § 2244(d)(2).

After careful review, the Court finds that the instant petition is untimely. The Missouri Court of Appeals affirmed petitioner's conviction on June 15, 2010. The judgment became final when petitioner's time to request further appellate review expired on June 30, 2010. *See* Mo. Sup. Ct. R. 83.02, 83.04, 84.17(b). The one-year statute of limitations began running on July 1, 2010. *See* Fed. R. Civ. P. 6(a)(1)(A). The limitations period ran for 103 days until petitioner filed his motion for post-conviction relief on October 12, 2010. *See Painter v. Iowa*, 247 F.3d 1255, 1256 (8th Cir. 2001) (citation omitted) ("[T]he time between the date that direct review of a conviction is completed and the date that an application for state post-conviction relief is filed counts against the one-year period.").

The statute of limitations was tolled while petitioner's post-conviction relief motion was pending. 28 U.S.C. § 2244(d)(2). After the motion for post-conviction relief was denied by the Missouri Court of Appeals on May 14, 2013, the statute of limitations began running again on May 15, 2013. *See* Fed. R. Civ. P. 6(a)(1)(A). The limitations period then ran for an additional 366 days until petitioner filed the instant habeas corpus petition on May 16, 2014. In total, the statute of limitations ran for 469 untolled days (103 days plus 366 days) from the date of the final

3

judgment until the filing of the habeas corpus petition. Therefore, the petition was filed outside the limitations period and is subject to dismissal. *See* 28 U.S.C. § 2244(d)(1); *Gammon*, 322 F.3d 1012.

Before dismissing the petition, the Court will consider whether the principle of equitable tolling should apply. "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Burns v. Prudden*, 588 F.3d 1148, 1150 (8th Cir. 2009) (quoting *Walker v. Norris*, 436 F.3d 1026, 1032 (8th Cir. 2006)). "Pro se status, lack of legal knowledge or legal resources, confusion about or miscalculations of the limitations period, or the failure to recognize the legal ramifications of actions taken in prior post-conviction proceedings are inadequate to warrant equitable tolling." *Shoemate v. Norris*, 390 F.3d 595, 598 (8th Cir. 2004) (citations and quotation marks omitted).

Petitioner will be given the opportunity to assert grounds for equitable tolling. If the Court determines that equitable tolling does not excuse the untimely petition, then the petition will be dismissed.

* * *

For the reasons discussed above,

**IT IS HEREBY ORDERED** that the petitioner shall have until **January 19, 2016**, to file a memorandum setting forth the grounds supporting equitable tolling. Failure to comply with this Order will result in dismissal of the petition for a writ of habeas corpus.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 16th day of December, 2015.

4