UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

MICHAEL L. JACKSON, )
)
    Petitioner, )
)
vs. ) Case No. 4:14-CV-1104-CEJ
)
IAN WALLACE, )
)
    Respondent. )

## **MEMORANDUM**

This matter is before the Court on the petition of Michael L. Jackson for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondent has filed a response in opposition. Petitioner has replied, and the issues are fully briefed.

### **A. Background**

Previously, the Court found that the petition was filed after expiration of the one-year statute of limitations under the Antiterrorism and Effective Death Penalty Act (AEDPA). *See* 28 U.S.C. § 2244(d)(1). Specifically, the Court found that the statute of limitations ran for 469 untolled days from the final judgment on petitioner's direct appeal of his conviction until the filing of his federal habeas corpus petition. One hundred and three untolled days ran between the conclusion of petitioner's direct appeal and the filing of his state motion for post-conviction relief. *See Painter v. Iowa*, 247 F.3d 1255, 1256 (8th Cir. 2001). Three hundred and sixty-six additional untolled days ran between the conclusion of appellate review of the state motion for post-conviction relief and the filing of the instant federal habeas corpus petition.

Petitioner was given the opportunity to assert grounds for equitable tolling.

He responded and attached supporting exhibits. Petitioner asserts a single relevant argument[1] for equitable tolling: His post-conviction counsel sent him a letter erroneously informing him that he had "one year" from the date the Missouri Court of Appeals issued its mandate after denying his motion for post-conviction relief in which to timely file his federal habeas corpus petition. [Doc. #12-1] The attorney's statement was in error because petitioner in fact had only 262 days remaining to timely file, 103 untolled days having already elapsed. Petitioner thus argues he is entitled to equitable tolling of the statute of limitations because he relied on his post-conviction counsel's erroneous advice.

### B. Equitable Tolling

Section "2244(d) is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 560 U.S. 631, 645 (2010). "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Burns v. Prudden*, 588 F.3d 1148, 1150 (8th Cir. 2009) (quoting *Walker v. Norris*, 436 F.3d 1026, 1032 (8th Cir. 2006)). "Pro se status, lack of legal knowledge or legal resources, confusion about or miscalculations of the limitations period, or the failure to recognize the legal ramifications of actions taken in prior post-conviction proceedings are inadequate to warrant equitable tolling." *Shoemate v. Norris*, 390 F.3d 595, 598 (8th Cir. 2004) (quotation marks and citations omitted). Further, "an attorney's miscalculation of the due date for a habeas petition [can]not constitute an extraordinary circumstance allowing

---

[1]The Court deemed the petition filed on the day it was delivered to prison authorities for mailing to the Western District of Missouri, so the prison mailbox rule and the transfer of the petition to this district (which is the proper venue) are irrelevant to the equitable tolling issue.

2

equitable tolling of the limitations period. . . . [A] counsel's miscalculation of [a petitioner's] filing deadline is a 'garden variety claim' of neglect and does not warrant equitable tolling." *Rues v. Denney*, 643 F.3d 618, 621–22 (8th Cir. 2011) (citing *Kreutzer v. Bowersox*, 231 F.3d 460, 463 (8th Cir. 2000)); see *Maples v. Thomas*, 132 S. Ct. 912, 922 (2012) ("[W]hen a petitioner's postconviction attorney misses a filing deadline, the petitioner is bound by the oversight and cannot rely on it to establish cause." (citation omitted)); *Holland*, 560 U.S. at 651–52 ("[A] garden variety claim of excusable neglect, such as a simple miscalculation that leads a lawyer to miss a filing deadline, does not warrant equitable tolling." (quotation marks and citations omitted)); *Lawrence v. Florida*, 549 U.S. 327, 336–37 (2007) (holding "[a]ttorney miscalculation is simply not sufficient to warrant equitable tolling").

Twin considerations foreclose equitable tolling here. First, counsel's error in calculating how much time remained for filing the petition "does not warrant equitable tolling." *Rues*, 643 F.3d at 621–22. It therefore follows that petitioner's reliance on counsel's error does not warrant equitable tolling. *See Shoemate*, 390 F.3d at 598.

Second, petitioner can hardly be said to have diligently pursued his rights, and no extraordinary circumstances stood in his way. Petitioner's mistake regarding the remaining time to file the petition does not explain why he waited until the statute of limitations had run to file it, and he has offered no such explanation. Therefore, petitioner has not demonstrated both the diligence and the extraordinary circumstances required for equitable tolling to apply.

3

Accordingly, petitioner is not entitled to equitable tolling of the statute of limitations, and the petition must be dismissed. *See* 28 U.S.C. § 2244(d)(1); *Cross–Bey v. Gammon*, 322 F.3d 1012 (8th Cir. 2003).

**III. Conclusion**

The Court concludes that the petition for a writ of habeas corpus was untimely filed under 28 U.S.C. § 2244(d) and must be dismissed. Additionally, because petitioner has failed to make a substantial showing of the denial of a constitutional right, the Court will not issue a certificate of appealability. *See Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997).

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 5th day of January, 2016.