UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MICHAEL L. JACKSON, | ) |
| Petitioner, | ) |
| vs. | ) Case No. 4:14-CV-1104-CEJ |
| IAN WALLACE, | ) |
| Respondent. | ) |

## **MEMORANDUM AND ORDER**

This matter is before the Court on respondent's motion to vacate the judgment entered on January 5, 2016, and to deny the petition of Michael L. Jackson for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. See Fed. R. Civ. P. 60(b)(6); [Docs. ##13, 14].

### I. Relief from Judgment

Previously, the Court found that the petition was filed after expiration of the one-year statute of limitations under the Antiterrorism and Effective Death Penalty Act (AEDPA). *See* 28 U.S.C. § 2244(d)(1). Specifically, the Court found that the statute of limitations ran for 469 un-tolled days from the final judgment on petitioner's direct appeal of his conviction until the filing of his federal habeas corpus petition. One hundred and three un-tolled days ran between the conclusion of petitioner's direct appeal and the filing of his state motion for post-conviction relief. *See Painter v. Iowa*, 247 F.3d 1255, 1256 (8th Cir. 2001). Three hundred and sixty-six additional untolled days ran between the conclusion of appellate review of the state motion for post-conviction relief and the filing of the instant federal habeas corpus petition.

On December 16, 2015, petitioner was given the opportunity to assert grounds for equitable tolling. The deadline was January 19, 2016. On December 19, 2015, petitioner submitted a document titled "Reply To Respondent's Answer to Petition."[1] In the late reply, petitioner advanced several arguments why he is entitled to equitable tolling. Believing the "Reply" was intended to be petitioner's response to the December 16 order, the Court addressed and rejected petitioner's arguments for equitable tolling, and entered judgment dismissing the petition as untimely filed. [Docs. ##13, 14]

On January 15, 2016, the Court received a letter from petitioner. [Doc. #15] He explained that the Reply was not a response to the Order but was instead his reply to respondent's answer. Petitioner did not request specific relief, nor did he disclaim the arguments for equitable tolling advanced in the reply.

Respondent offers the following theory of what transpired. On or about December 17, petitioner drafted a late reply to respondent's answer, in which he suggested equitable tolling applies to his petition. He mailed the reply on December 19. At that time petitioner had not received the December 16 order. Thus, the Reply and the order crossed in the mail. When petitioner received the order, he believed he had until January 19 to respond asserting grounds for equitable tolling.

Assuming respondent's theory is correct, vacating the judgment would be in the interests of justice. *See* Fed. R. Civ. P. 60(b)(6). For the reasons discussed below, however, the Court again finds that petitioner is not entitled to equitable tolling.

---

[1] Respondent answered on October 6, 2015. Pursuant to the Case Management Order, petitioner's reply was due on December 4, 2015. [Doc. #5]

## II. Equitable Tolling

In the "Memorandum to Equitable Tolling" and accompanying exhibits [Doc. #16], petitioner advances the same argument for equitable tolling that he raised in his earlier Reply. Specifically, he asserts that his post-conviction counsel sent him a letter erroneously informing him that he had "one year" from the date the Missouri Court of Appeals issued its mandate after denying his motion for post-conviction relief in which to timely file his federal habeas corpus petition. The attorney's statement was in error because petitioner in fact had only 262 days remaining to timely file, 103 un-tolled days having already elapsed.

As the Court previously explained, two considerations foreclose equitable tolling despite counsel's error. First, the attorney's error in calculating how much time remained for filing the petition "does not warrant equitable tolling." *Rues v. Denney*, 643 F.3d 618, 621–22 (8th Cir. 2011) (citation omitted); *see Maples v. Thomas*, 132 S. Ct. 912, 922 (2012); *Holland v. Florida*, 560 U.S. 631, 651–52 (2010); *Lawrence v. Florida*, 549 U.S. 327, 336–37 (2007). Petitioner's reliance on that error therefore also does not warrant equitable tolling. *See Shoemate v. Norris*, 390 F.3d 595, 598 (8th Cir. 2004). Second, petitioner's mistake regarding the remaining time to file the petition does not explain why he waited until the statute of limitations had run to file it. He therefore has not demonstrated both the diligence and extraordinary circumstances required for equitable tolling to apply. *See Burns v. Prudden*, 588 F.3d 1148, 1150 (8th Cir. 2009); *Shoemate*, 390 F.3d at 598.

Accordingly, petitioner is not entitled to equitable tolling of the statute of limitations, and the petition must be dismissed. *See* 28 U.S.C. § 2244(d)(1);

*Cross–Bey v. Gammon*, 322 F.3d 1012 (8th Cir. 2003).

### III. Conclusion

The Court again concludes that the petition for a writ of habeas corpus was untimely filed under 28 U.S.C. § 2244(d) and must be dismissed. Additionally, because petitioner has failed to make a substantial showing of the denial of a constitutional right, the Court will not issue a certificate of appealability. *See Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997).

A separate amended judgment shall issue.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 10th day of May, 2016.